IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVE L. MOTEN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:17CV197 |
| | ) | |
| v. | ) | |
| | ) | |
| OMAHA POLICE DEPARTMENT, | ) | **MEMORANDUM** |
| JACOB HANISZEWSKI, #2241, | ) | **AND ORDER** |
| SHERIE N. THOMAS, #1549, | ) | |
| JORDAN W. VANDERZWAAG, | ) | |
| #2222, and CHRIS L. TOMPKINS, | ) | |
| #Y049, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, an inmate in the Douglas County Correctional Center, brings this action against the Omaha Police Department and four of its officers because Plaintiff was bitten by the officers' K-9 dog in an incident occurring prior to his incarceration. The court previously granted Plaintiff permission to proceed in forma pauperis in this action. (Filing No. 8.) The court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that he was bitten by the defendants' K-9 dog in Omaha. He claims the officers pulled up behind him when he was exiting his vehicle; the officers said "freeze," but Plaintiff "didn't know who they was talking to"; the officers "let the dog go"; Plaintiff then put his hands up; and the dog then bit Plaintiff under his right arm, which "will never be the same and after 3 months still no feeling under [his] arm and nerve damage." (Filing No. 1 at CM/ECF pp. 4-5 (capitalization and spelling corrected).) Plaintiff alleges no basis for this court's jurisdiction (Filing No. 1 at

CM/ECF p. 3), and for relief requests only that "the officers . . . make better decisions with the K-9." (Filing No. 1 at CM/ECF p. 5 (capitalization and spelling corrected).)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## III. DISCUSSION

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).

Subject-matter jurisdiction is also proper under 28 U.S.C. §§ 1331 when a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute,"

the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Under this type of jurisdiction, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under "color of state law" in order to bring a claim under 42 U.S.C. § 1983. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Upon careful review of Plaintiff's Complaint, the court finds that it lacks subject-matter jurisdiction over this matter. As to diversity-of-citizenship jurisdiction, Plaintiff does not allege that he and Defendants are citizens of different states. Because the citizenship of Plaintiff and at least one of the defendants is not diverse, diversity-of-citizenship jurisdiction does not exist in this case. Further, Plaintiff does not claim that federal-question jurisdiction is applicable, nor does he set forth any specific actions taken by Defendants that violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute. Rather, Plaintiff appears to be asserting a state-law tort claim for personal injury.

For these reasons, the court lacks subject-matter jurisdiction pursuant to either 28 U.S.C. §§ 1331 or 1332, and this action must be dismissed without prejudice[1] pursuant to Federal Rule of Civil Procedure 12(h)(3). The court will not give Plaintiff an opportunity to amend his complaint in this matter because it is obvious that amendment would be futile.

---

[1]*See County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent.")

Even liberally construed, Plaintiff's Complaint does not set forth any discernible claim for relief over which this court has jurisdiction. Plaintiff's Complaint makes clear that the K-9 dog was released when Plaintiff was not in custody. Therefore, if Plaintiff has any claim, it sounds in negligence under state law. If Plaintiff wishes to bring a tort claim for negligence against Defendants, he should consult the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13-901 to 13-928 (Westlaw 2017), which allows tort claims to be filed with the city "clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision, or the governing body of a political subdivision may provide that such claims may be filed with the duly constituted law department of such subdivision." Neb. Rev. Stat. § 13-905. Plaintiff should also consult Neb. Rev. Stat. § 13-919, which sets forth the deadlines for filing such a tort claim. Accordingly,

IT IS ORDERED:

1.    This action is dismissed without prejudice for lack of subject-matter jurisdiction and without prejudice to reassertion in the proper state forum.

2.    Judgment shall be entered by separate document.

DATED this 5th day of October, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge